UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY EMMETT COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br><br>　　　　Defendant. | Case No. 19-cv-06635-VC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16, 17 |

Cooper is entitled to summary judgment for two related reasons: first, because the ALJ's residual functional capacity determination was not supported by substantial evidence; and second, because the ALJ did not articulate specific and legitimate reasons for rejecting the opinion of Cooper's treating physician.

The ALJ's residual functional capacity determination was based primarily on the opinion of Dr. Rana, a state consultative examiner. The ALJ noted that, because Cooper suffered injuries after wandering into traffic in January 2016, medical opinions about his physical limitations based on exams conducted before that incident were less reliable than opinions based on exams conducted after the incident. But Dr. Rana's opinion was itself based on an examination conducted before the incident. And the ALJ neither acknowledged this limitation nor provided additional reasons for placing the greatest weight on Dr. Rana's opinion, other than to state that it was consistent with medical evidence from before the incident. In short, the ALJ adopted an opinion that—by the ALJ's own reasoning—is an unreliable assessment of Cooper's physical

impairments. The "substantial evidence" standard is a deferential one; however, without more, a reasonable mind could not logically accept the ALJ's conclusion about Cooper's residual functional capacity. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

Similarly, the ALJ's reasoning for discounting the opinion of Cooper's treating physician—Dr. Ali—was legally inadequate. Dr. Ali treated Cooper for an extended period after the January 2016 traffic incident, and his opinion was based on that experience. The ALJ offered two terse justifications for discounting this opinion. First, the ALJ stated that Dr. Ali's opinion was inconsistent with the conclusions of Dr. Rana and other state consultants. But because these state consultants assessed Cooper before the incident, the ALJ's own logic suggests that an inconsistency between Dr. Ali and the state consultants should be a reason to question the latter, not the former. Second, the ALJ stated that Dr. Ali's conclusions about Cooper's physical limitations were contradicted by his own treatment notes, referencing notations about mild and moderate symptoms. But Dr. Ali's treatment notes were almost entirely illegible. One can make out the words "mild," "moderate," and "severe," but it is unclear which words pertain to which conditions. It is even less clear how those words contradict his later finding that Cooper suffered from significant physical limitations. Although it can be appropriate to reject a treating physician's opinion based on inconsistency between that opinion and the physician's own notes and records, in this context, the ALJ did not come close to offering the type of "specific, legitimate reasons" necessary for doing so. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

This is not the kind of case in which a remand for an award of benefits would be justified, so the action is remanded for further proceedings. *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099-105 (9th Cir. 2014). But it's worth noting two other troubling aspects of the record. One is Cooper's psychiatric condition. Although the issue was not presented in this appeal, the ALJ's own ruling, along with the medical records, suggest that Cooper may meet the listing for schizophrenia. Indeed, the ALJ himself concluded that Cooper cannot interact with the public, suggesting a serious limitation in interacting with others, and the medical documents illustrate a history of delusions. It also bears repeating that Cooper was injured because he wandered into oncoming traffic, presumably as a result of his mental illness. Although the Commissioner brushes this aside since Cooper was apparently under the influence of alcohol and marijuana, this generally does not cause otherwise mentally sound people to wander into traffic.

Another troubling aspect of the record is the ALJ's handling of Cooper's failure to appear at his hearing on time. The ALJ, following a policy in the Hearings, Appeals, and Litigation Law Manual (known as "HALLEX"), "constructively waived" Cooper's appearance without inquiring whether Cooper had good cause for failing to appear. But regardless of what HALLEX may or may not permit, the government must ensure that a denial of benefits comports with due process. Particularly in light of Cooper's psychiatric condition, the "constructive waiver" may have amounted to a failure on the ALJ's part to give Cooper a meaningful opportunity to be heard. *California ex rel. Lockyer v. Federal Energy Regulatory Commission*, 329 F.3d 700, 708 n. 6 (9th Cir.2003); *Boettcher v. Secretary of Health & Human Services*, 759 F.2d 719, 723 (9th Cir. 1985); *Stoner v. Secretary of Health & Human Services*, 837 F.2d 759, 761 (6th Cir. 1988).

**IT IS SO ORDERED.**

Dated: September 25, 2020

_____
VINCE CHHABRIA
United States District Judge